**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter:    7 |
| | ) | |
| SCOTT AND BONNIE MUELLER, | ) | Case No.:    08-28811 |
| | ) | |
| Debtors. | ) | Judge John H. Squires |

**FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION OF GENERAL COUNSEL TO THE CHAPTER 7 TRUSTEE**

**NOW COMES** David R. Brown, Esq. and the firm of SPRINGER, BROWN, COVEY, GAERTNER & DAVIS, LLC, (hereinafter "Applicant") as duly authorized counsel to the Trustee, DAVID R. BROWN, (hereinafter "Trustee") and respectfully requests the entry of an Order for the allowance and payment of compensation for services rendered as counsel to the Trustee, pursuant to §330 of the United States Bankruptcy Code and applicable Federal Rules of Bankruptcy Procedure, and in support hereof, states to the Court as follows:

**I.  INTRODUCTION**

This Application encompasses the time period from February 20, 2009 through October 13, 2009. The Application represents 26.40 hours of legal services provided to the Trustee. Applicant has neither previously requested nor obtained approval for payment of interim compensation. This Application seeks approval of legal fees in the amount of $8,409.00 and $25.36 for actual and necessary unreimbursed expenses.

1. On October 24, 2008, an Order for Relief under Chapter 7 of the United States Bankruptcy Code was entered against Scott and Bonnie Mueller and David R. Brown was thereupon appointed as Trustee therein.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3. This request for relief is predicated on Section 330(a) (1) of the Bankruptcy Code.

4. On March 13, 2009, an Order was entered by this Court authorizing Trustee to employ Springer, Brown, Covey, Gaertner & Davis, LLC (hereinafter "Springer Brown") as his counsel.

5. During the period February 20, 2009 through October 13, 2009, Springer Brown provided services to the Trustee which were reasonable and necessary to the administration of this case, the general nature of which is set forth below and a specific itemization of which is attached hereto and incorporated herein.

## II. CASE STATUS AND NARRATIVE OF LEGAL SERVICES

6. Applicant represented and advised the Trustee on the matters relating to this bankruptcy case. The Applicant has provided a general description of the tasks performed, results achieved and benefit to the estate; and detailed time records in chronological order for each matter with Applicant's time attached hereto Exhibit A. Each professional task for which Applicant seeks compensation is separated into the following two categories:

   A.   Employment of Professional Persons and Preparation of Fee Application;

   B.   Asset Analysis and Disposition: Insurance Policy proceeds and inherited 401(k).

The following narrative description of the project categories explains the necessity and benefit to the estate of each service category and the status of those issues, including all pending litigation:

    A.    **Employment of Professional Persons and Preparation of Fee Application**

        **Time Expended:   6.0 hours; Amount requested:   $1,875.00**

This category includes services related to the employment of Applicant as counsel to the Trustee, and preparation of the current Fee Application.  Employment of Counsel for the Trustee was necessary for the prompt and efficient liquidation of the estate and has contributed to the successful administration of this estate.

    B.    **Asset Analysis and Disposition:  Proceeds from Insurance Policy and inherited 401(k)**

        **Time Expended:   20.40 hours; Amount requested:   $6,534.00**

This category includes services related to the investigation and analysis regarding the proceeds of the life insurance policy and investigation and analysis of the inherited 401(k).  After the Trustee filed his no asset report and the case was closed, the Trustee received information that the co-debtor, Bonnie Mueller, died and the Debtor, Scott Mueller received life insurance proceeds totaling $189,000.00.  No life insurance policy was listed on the Debtors' schedules.  Applicant filed a Motion to reopen the case and appoint a Trustee.  On February 27, 2009, the case was reopened and David R. Brown was subsequently re-appointed as the Trustee.  Applicant filed a Motion for Turnover of the insurance proceeds.  The Debtor believed that the insurance proceeds should be fully exempt and on March 13, 2009, a briefing schedule regarding the Motion for Turnover was set.  On April 7, 2009, Applicant prepared and served a Notice for Rule 2004 exam and a request to produce.   On May 1, 2009, an Order was entered granting the Motion for Turnover.

On April 27, 2009, the Debtor filed amended Schedules "B" and "C",  listing the insurance policy proceeds in the amount of $189,000 and claiming the proceeds as fully exempt.  On May 12, 2009, Applicant filed an Objection to the Exemptions.  On May 15, 2009, the Debtor filed a Motion to Compel the Trustee to Abandon his interest in the life insurance

proceeds. In response, Applicant filed a Motion to Compel the Debtor to Comply with the Motion for Turnover as well as the comply with the previous Rule 2004 exam requests. Additionally, Applicant filed a Motion for Turnover of the inherited 401(k). On May 22, 2009, the Motion to Compel was granted with draft order to follow by May 29, 2009 and briefing schedules were set for the Debtor's Motion to Compel the Trustee to Abandon the insurance proceeds and the Trustee's Objection to Exemptions.

Prior to any further pleadings being filed by either party, the parties reached a settlement of the issue of turnover of the insurance proceeds. Applicant drafted a Settlement and Mutual Release and on June 3, 2009, Applicant drafted and filed the Motion for Approval of the Compromise and Settlement. On June 26, 2009, an Order was entered approving the Compromise and Settlement for the lump sum of $91,000.00 which will pay all timely filed claims 100% and pay the tardily filed claim 72.3%.

7. All services in this matter were performed by David R. Brown, billed at the rate of $405.00 per hour, Arthur Rummler, billed at the rate of $315.00 per hour, and Michele M. Springer, billed at the rate of $285.00. These rates are customary for Springer Brown to charge for such services during this time period.

8. The foregoing compensation rates are comparable to those charged by other practitioners of similar standing, skill and experience in cases of equal complexity. David R. Brown is a 1978 graduate of the University of Chicago Law School, a former associate at Mayer, Brown & Platt, an attorney and former acting Assistant United States Trustee in the Office of the United States Trustee for the Northern District of Illinois, a twenty-four year panel trustee, and a Member of the firm of Springer, Brown, Covey, Gaertner & Davis, LLC. Arthur Rummler was a senior associate and has practiced in this Court for over six years. Michele M. Springer is a senior associate and has been practicing bankruptcy law for thirteen years.

9. The services rendered by Applicant were necessary services that have benefited this estate by providing funds to distribute to creditors and enabling the Trustee to perform his statutory duties. Itemized time entries for all Applicant's services are attached as Exhibit A and an itemization of the reasonable and necessary expenses Applicant incurred are also attached as Exhibit B. Applicant's request for reimbursement of expenses does not include any of the ordinary operating expenses of Applicant's practice of law. Applicant is requesting reimbursement of photocopy charges at the rate of 15¢ per copy. Applicant's expense request does not include any long distance telephone service charges.

WHEREFORE, Applicant, David R. Brown and the firm of SPRINGER, BROWN, COVEY, GAERTNER & DAVIS, LLC, respectfully requests that Trustee's Attorneys' fees in the amount of $8,409.00 and reimbursement of actual and necessary expenses in the amount of $25.36 be approved as reasonable and appropriate and that payment be authorized upon entry of the Order approving such compensation, and for any such other and further relief as this Court deems just and equitable.

DATE: October 13, 2009                    Respectfully Submitted,
                                          David R. Brown
                                          Counsel to Trustee David R. Brown


                                          BY: Springer, Brown, Covey, Gaertner & Davis, LLC


                                          By:    /s/ David R. Brown
                                                 David R. Brown
                                                 One of His Attorneys


David R. Brown (ARDC #3122323)
SPRINGER, BROWN, COVEY, GAERTNER & DAVIS, LLC
Wheaton Executive Center
400. S. County Farm Road, Ste. 330
Wheaton, IL 60187
(630) 510-0000